UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY ROCKETT,

      Petitioner,

v.                                   CASE NO. 8:08-cv-1417-T-23EAJ

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

    Timothy Rockett petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for armed burglary of a dwelling, involuntary sexual battery, aggravated battery with a deadly weapon, resisting arrest with violence, battery on a law enforcement officer, and violating a domestic violence injunction. Rockett alleges two grounds of trial court error, fifteen grounds of ineffective assistance of trial counsel, two grounds of ineffective assistance of appellate counsel, a double jeopardy violation, and a sentencing error. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 33)

## FACTS[1]

    The victim and Rockett lived in the victim's apartment. When the romance ended, the victim demanded that Rockett move. Rockett moved, but he later returned

_____

[1] This summary of the facts derives from the testimony at trial. (Respondent's Exhibit 28, Vols. II, III)

to the apartment and forced the victim into sexual intercourse.[2]  After this attack, the

victim changed the lock on her apartment door and obtained a domestic violence

injunction against Rockett.  Undeterred, Rockett again returned to the victim's

apartment and attempted to unlock the door with his key.  Realizing the key no longer

worked, Rockett forcefully entered the apartment by breaking the door frame.  Rockett

held a knife to the victim's neck and threatened to kill her.  During a struggle, the victim

received a knife wound to her buttock.  Rockett forced the victim to perform oral sex on

him.

　　　　While Rockett was temporarily distracted, the victim telephoned her friend, Von

Dowling.  Realizing the victim was in danger, Dowling telephoned her mother, who in

turn telephoned 9-1-1.  The police arrived and entered the apartment.  Because Rockett

defied the officers' orders and threatened that the police would "have to kill [him],"

Deputy Don Lewis pepper sprayed Rockett.  Rockett continued to defy the officers'

commands and lunged at Deputy Lewis.  The two struggled.  Deputy Charles Pinkney

helped Deputy Lewis subdue Rockett.  In the effort to gain control of Rockett, Deputy

Lewis struck Rockett in the head with his gun.[3]  The officers soon subdued and arrested

---

[2] Rockett was arrested for sexual battery. The state did not pursue the charge because the victim signed a waiver of prosecution. During the trial on the charges for which Rockett stands convicted, the prosecutor introduced evidence of the earlier, unrelated sexual battery. (Respondent's Exhibit 28, Vol. I, pp. 22-23; Vol. III, pp. 125-27)

[3] Deputy Lewis suffered hip and leg injuries as a result of the struggle with Rockett. (Respondent's Exhibit 28, Vol. III, p. 308)

Rockett.  Medical personnel transported Rockett to a hospital for treatment of a cut on his head.

A jury convicted Rockett on all charges, and he serves life imprisonment.

## I.    COGNIZABILITY, EXHAUSTION, AND PROCEDURAL BAR

Rockett presented in his Rule 3.850 motion fifteen grounds of ineffective assistance of trial counsel.  (Respondent's Exhibit 12)  The state post-conviction court summarily denied ten of the grounds and granted Rockett an evidentiary hearing on four grounds.[4]  The state post-conviction court ultimately rejected the remaining four grounds after the evidentiary hearing.  (Respondent's Exhibit 16)  Rockett appealed the denial of the grounds rejected after the evidentiary hearing but not the grounds summarily denied.  The respondent argues that nine of the grounds of ineffective assistance of trial counsel Rockett presents in his federal petition (each of which was summarily denied by the state post-conviction court) are procedurally defaulted and not subject to federal review because Rockett failed to include those grounds in the appeal of the denial of his Rule 3.850 motion.

After the respondent filed the supplemental response in this case, *Cunningham v. State*, __ So. 3d __, 2012 WL 413812 (Fla. 2d DCA, Feb. 10, 2012), explained that in

---

[4]  The trial judge sentenced Rockett to life imprisonment on each of the burglary and involuntary sexual battery convictions. In the remaining ground of his Rule 3.850 motion Rockett alleged that his trial counsel rendered ineffective assistance by not challenging the allegedly illegal life sentence for the involuntary sexual battery conviction. In response to the Rule 3.850 motion the state acknowledged Rockett's entitlement to re-sentencing. (Respondent's Exhibit 14, p. 5) The state post-conviction court concurred. The trial judge re-sentenced Rockett to the statutory maximum of thirty years imprisonment for the involuntary sexual battery conviction. The life sentence for the burglary conviction remains.

the Second District between December 2000 and September 2010 appellate review of

the denial of a Rule 3.850 motion (1) required briefing only for a ground that was

denied after an evidentiary hearing and (2) included, even without briefing, a review of

a summarily denied ground.  Rockett filed his appeal of the denial of his Rule 3.850

motion in the Second District in November 2007 during the time the Second District

reviewed claims summarily denied in the trial court but not briefed in the appellate

court.  As a result, Rockett's failure to brief the summarily denied grounds of ineffective

assistance of trial counsel (presented in the federal petition as grounds seven, eleven,

twelve, thirteen, fourteen, fifteen, seventeen, eighteen, and nineteen) caused no

procedural default because the state appellate court automatically reviewed each ground

under the practice confirmed in *Cunningham*.  Consequently, those grounds are

reviewable in the present petition.

**Grounds Five, Six, and Sixteen**

In ground five Rockett contends that his trial counsel rendered ineffective

assistance by not moving to disqualify the allegedly biased trial judge.  In ground six

Rockett contends that his trial counsel rendered ineffective assistance by not moving for

the appointment of a latent fingerprint expert.  In ground sixteen Rockett contends that

his trial counsel rendered ineffective assistance by not objecting to improper comments

by the prosecutor during both opening statement and closing argument.  The state

post-conviction court granted Rockett an evidentiary hearing on each of these grounds

but ultimately denied relief.  (Respondent's Exhibit 16)  Rockett did not challenge the

rejection of these three grounds in the appeal of the denial of his Rule 3.850 motion. The respondent argues that these grounds are procedurally defaulted and not subject to federal review.

The procedure described in *Cunningham* required Rockett to brief these grounds to obtain appellate review.  Fla. R. App. P. 9.141(b)(3)(C);[5] *Cunningham*, 2012 WL 413812 at *1 ("In the above-described period [between December 2000 and October 2010], this court interpreted [the Florida Rules of Appellate Procedure] to provide relief under . . . rule 9.141(b)(3) for grounds denied after an evidentiary hearing.  The effect of this interpretation was to require briefing under rule 9.141(b)(3)(C) only for grounds that were denied after an evidentiary hearing.").  The state rule requiring submission of an appellate brief bars Rockett from filing a second appeal challenging the denial of the three grounds of ineffective assistance of trial counsel.  Fla. R. App. P. 9.141(b)(3)(C). Rockett's failure to assert on post-conviction appeal the claims presented in grounds five, six, and sixteen of his federal petition results in the default of these grounds.

Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable."  *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).  To establish cause for a procedural default, a petitioner "must demonstrate

---

[5] Rule 9.141(b)(3)(C), Florida Rules of Appellate Procedure, requires submission of an initial brief within thirty days of service of the record or its index.

that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). *Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). In other words, he must show at least a reasonable probability of a different outcome. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003); *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim without a showing of cause or prejudice if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case in which a constitutional violation probably has resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892. This exception requires a petitioner's actual innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

Rockett fails to demonstrate cause and prejudice excusing his default. *Carpenter*, 529 U.S. at 451; *Carrier*, 477 U.S. at 495-96. He neither alleges nor shows that the

- 6 -

fundamental miscarriage of justice exception applies. *Henderson*, 353 F.3d at 892.

Because Rockett fails to proffer specific facts showing an exception to procedural

default, grounds five, six, and sixteen of the federal petition are procedurally barred

from federal review.

**Ground Twenty-One**

Rockett contends that the state improperly scored his armed burglary

conviction as a first-degree felony and, as a result, imposed an illegal sentence. A

ground alleging an error under a state sentencing procedure presents no basis for federal

habeas corpus relief because the claim presents no federal constitutional question.

28 U.S.C. § 2254(a). *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("In the

area of state sentencing guidelines in particular, [the Eleventh Circuit has]

consistently . . . held that federal courts cannot review a state's alleged failure to adhere

to its own sentencing procedures."). Consequently, ground twenty-one warrants no

relief.

**II.    <u>MERITS</u>**

Rockett's remaining grounds are exhausted and entitled to a merits review.

<u>**STANDARD OF REVIEW**</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")

governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir.

1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly

deferential standard for federal court review of a state court adjudication, states in

pertinent part:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim–
>
> > (1) resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an
> > unreasonable determination of the facts in light of
> > the evidence presented in the State court
> > proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted

this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a
> federal habeas court to grant a state prisoner's application for a
> writ of habeas corpus with respect to claims adjudicated on the
> merits in state court. Under § 2254(d)(1), the writ may issue only if
> one of the following two conditions is satisfied—the state-court
> adjudication resulted in a decision that (1) "was contrary to . . .
> clearly established Federal Law, as determined by the Supreme
> Court of the United States" or (2) "involved an unreasonable
> application of . . . clearly established Federal law, as determined
> by the Supreme Court of the United States." Under the "contrary
> to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court
> on a question of law or if the state court decides a case differently
> than this Court has on a set of materially indistinguishable facts.
> Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's
> case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . .

and 'highly deferential standard for evaluating state-court rulings, which demands that

state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court

on direct appeal affirmed Rockett's convictions and sentences.  (Respondent's

Exhibit 6)  In another *per curiam* decision without a written opinion the state appellate

court affirmed the denial of Rockett's Rule 3.850 motion to vacate. (Respondent's

Exhibit 20)  The state appellate court's *per curiam* affirmances warrant deference under

Section 2254(d)(1) because "the summary nature of a state court's decision does not

lessen the deference that it is due."  *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.),

*reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*,

538 U.S. 906 (2003).  *Richter*, 131 S. Ct. at 784-85 ("When a federal claim has been

presented to a state court and the state court has denied relief, it may be presumed that

the state court adjudicated the claim on the merits in the absence of any indication or

state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state

court.

> We now hold that review under § 2254(d)(1) is limited to the
> record that was before the state court that adjudicated the claim on
> the merits. Section 2254(d)(1) refers, in the past tense, to a
> state-court adjudication that "resulted in" a decision that was
> contrary to, or "involved" an unreasonable application of,
> established law. This backward-looking language requires an
> examination of the state-court decision at the time it was made. It
> follows that the record under review is limited to the record in
> existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398.  Rockett bears the burden of overcoming by clear and

convincing evidence a state court factual determination.  "[A] determination of a factual

issue made by a State court shall be presumed to be correct.  The applicant shall have

the burden of rebutting the presumption of correctness by clear and convincing

evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding

of fact but not to a mixed determination of law and fact.  *Parker v. Head*, 244 F.3d 831,

836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).  The state court's rejection of

Rockett's post-conviction claims warrants deference in this case.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Rockett claims ineffective assistance of counsel, a difficult claim to sustain.

"[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between."  *Waters v. Thomas*, 46 F.3d

1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.

1994)).  *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance

of counsel claim:

> The law regarding ineffective assistance of counsel claims is well
> settled and well documented. In *Strickland v. Washington*, 466 U.S.
> 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court
> set forth a two-part test for analyzing ineffective assistance of
> counsel claims. According to *Strickland*, first, the defendant must
> show that counsel's performance was deficient. This requires
> showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the
> Sixth Amendment. Second, the defendant must show that the
> deficient performance prejudiced the defense. This requires
> showing that counsel's errors were so serious as to deprive the

> defendant of a fair trial, a trial whose result is reliable. *Strickland*,
> 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Rockett must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Rockett must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91.  Rockett cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).  *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Rockett must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d).  Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788.  *Pinholster*, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

**Grounds One and Two**

Before announcing the verdict, the trial judge examined the verdict form and concluded that "there are no errors or omissions in the filling out of the verdict form." (Respondent's Exhibit 28, Vol. I, p. 136)  The clerk published the verdict and polled the jury.  Each of the six jurors affirmed the guilty verdict.  (Respondent's Exhibit 28, Vol. I, p. 138)  The trial judge adjudicated Rockett guilty of all charges and set a date for sentencing.  While preparing for the sentencing hearing, the clerk discovered the original verdict form was missing from the court file.  The trial judge conducted a brief hearing with both the prosecutor and defense counsel and advised the parties about the missing verdict form.  Rockett was not present at the hearing.  The trial judge proposed (1) transcribing the portion of the trial with the return of the verdict and the jury poll and (2) using the transcript to reconstruct the verdict form.  (Respondent's Exhibit 28,

Vol. I, pp. 144-45)  Neither the prosecutor nor defense counsel objected to this procedure.  The clerk reconstructed the verdict form based on the transcript.  Both parties agreed that the reconstructed verdict form accurately represented the jury's verdict.  (Respondent's Exhibit 28, Vol. I, pp. 145-46)  Based on these events, Rockett alleges in ground one that the post-trial reconstruction of the verdict form resulted in a due process violation "because the jury had [already] been discharged."  (Doc. 1, p. 5)  Rockett alleges in ground two that his absence from the hearing at which the verdict form was reconstructed resulted in a due process violation.  Neither ground one nor ground two warrants relief.[6]

Under the Due Process Clause, "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."  *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).  The rendition of a verdict is a critical stage of the criminal proceeding.  *Diaz v. United States*, 223 U.S. 442, 456 (1912) ("It is the right of the defendant in cases of felony . . . to be present at all stages of the trial, [ ] especially at the rendition of the verdict . . . .") (internal quotation marks omitted).  Fla. R. Crim. P. 3.180(a)(8).

---

[6]  Rockett in his reply (Doc. 35, p. 14) claims that the deprivation of due process was "combined with an ineffective counsel who stated at the bench trial to reconstruct the verdict form that he did not know or have the knowledge about [Rockett]'s rights to object to the reconstruction in a proper manner."  To the extent that this allegation, liberally construed, asserts for the first time in the reply an independent claim of ineffective assistance of trial counsel, Rockett cannot obtain federal review.  *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (quoting *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994) ("As we repeatedly have admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'").

Rockett was present with counsel in the courtroom when the trial judge announced the jury's verdict at the conclusion of the trial. (Respondent's Exhibit 28, Vol. III, pp. 401-05) The subsequent hearing at which the verdict form was reconstructed was a post-trial hearing that addressed a purely administrative matter. Rockett does not allege that the trial transcript from which the verdict form was reconstructed either inaccurately memorializes the jury's verdict or misrepresents the jury's verdict as announced in his presence in open court. Rockett presents no legal authority establishing either (1) that the trial court's procedure for reconstructing the verdict form violated the Due Process Clause or (2) that the Due Process Clause provided him with a constitutional right to be present at a post-trial proceeding addressing a purely administrative matter. *United States v. Vasquez*, 732 F.2d 846, 848 (11th Cir. 1984) ("The right to be present at every stage of trial does not confer upon the defendant the right to be present at every conference at which a matter pertinent to the case is discussed, or even at every conference with the trial judge at which a matter relative to the case is discussed.") (citation omitted). Perhaps more to the point, Rockett fails to show that after the receipt and announcement of the unanimous jury verdict on the record, the polling of the jury on the record, and the judge's adjudication of guilt on the record, including the memorialization of the verdict in the minutes on the docket, the retention of the paper verdict or an image of the verdict is of any legal consequence whatsoever, much less constitutional consequence. Rockett fails to show

that the state court either unreasonably applied Supreme Court precedent or

unreasonably determined the facts in rejecting ground one or ground two.

**Grounds Three and Seven**

The trial judge instructed the jury:

> Before you can find the defendant guilty of burglary, the State
> must prove the following three elements beyond a reasonable
> doubt:
>
> 1. Timothy Rockett entered or remained in a structure owned by
> or in the possession of [the victim].
>
> 2. Timothy Rockett did not have the permission or consent of [the
> victim] to enter or remain in the structure at the time.
>
> 3. At the time of entering the structure, Timothy Rockett had a
> fully-formed, conscious intent to commit an offense in that
> structure.

(Respondent's Exhibit 28, Vol. III, p. 373)  Rockett argues that, based upon a change in

Florida law announced in *Delgado v. State*, 776 So. 2d 233 (Fla. 2000), the burglary

instruction improperly included the words "remained in."  In ground seven Rockett

contends that his trial counsel rendered ineffective assistance by not objecting to this

"misleading and erroneous" jury instruction.  In ground three Rockett contends that his

appellate counsel rendered ineffective assistance by not arguing on appeal that the

erroneous burglary instruction resulted in a fundamental error.

Ineffective assistance of trial counsel

The state post-conviction court summarily rejected the ineffective assistance of

trial counsel claim:

The Defendant argues counsel failed to object to the erroneous "remaining in" language the trial court included in its instruction on burglary and trespass in violation of the holding in *Delgado v. State*, 776 So. 2d 233 (Fla. 2000). The Defendant contends he disputed that he forced his way into the apartment but rather he claims to have used a key. The Defendant claims the case law was well-established at the time of his trial that the "remaining in" language was erroneous and should not have been given.

The Defendant's motion is denied. The Defendant's offenses occurred on June 13, 2000. Section 810.015(1) & (2), Florida Statutes, abrogated the decision in *Delgado v. State*, 776 So. 2d 233 (Fla. 2000), as of February 2, 2000.[7] Since the trial court was bound by Florida Statutes at the time of the Defendant's trial, counsel cannot be considered ineffective for failing to raise the alleged defective jury instruction at that time.

(Respondent's Exhibit 13, pp. 3-4) (court's record citation omitted)

*Delgado's* application is limited. *Delgado*, 776 So. 2d at 237-41, holds that, to prove a burglary after a *consensual* entry, the evidence must show that the defendant remained in the structure surreptitiously. The prosecutor introduced at trial ample evidence (including photographs of the broken door frame on the victim's apartment) from which a reasonable juror could conclude that the victim did not consent to Rockett entering her apartment. Because *Delgado* concerns only a defendant's entering into the premises with the occupant's consent, *Delgado* did not apply, and trial counsel had no

---

[7] *Delgado*, 776 So. 2d at 240, holds that, if a person is licensed or invited to enter a dwelling, a burglary conviction cannot result under the "remaining in" theory unless the person *surreptitiously* remains on the premises. *Delgado* issued on August 24, 2000. In 2001, the Florida legislature amended section 810.015, Florida Statutes. The amendment, retroactive to February 1, 2000, abrogates *Delgado*. Section 810.015(1) (emphasis added) now states that "in order for a burglary to occur, it is *not necessary* for the licensed or invited person to remain in the dwelling, structure, or conveyance surreptitiously." The Florida Supreme Court has clarified that "*Delgado* applies to burglaries committed before February 1, 2000, which had not been finally adjudicated at the time [the Florida Supreme Court] issued its opinion" on August 24, 2000. *Lynch v. State*, 2 So. 3d 47, 61 (Fla. 2008).

basis on which to object based on *Delgado* to the burglary instruction.  *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1335-36 (11th Cir. 2008) (noting that *Delgado* addresses only a defendant's entry into the premises with the occupant's consent and not a defendant's entry into the premises by fraud or trick).  *Floyd v. State*, 850 So. 2d 383, 412 (Fla. 2002) ("The decision in *Delgado* . . . is not applicable to the present case because the present case does not support the affirmative defense of consensual entry.  Because consensual entry was not established, the fact that the jury instruction given in this case referred to the 'remaining in' language is irrelevant.").

Even assuming that counsel performed deficiently by not objecting to the burglary instruction, Rockett fails to establish resulting prejudice.  Because the jury heard no evidence suggesting the applicability of the "remaining in" portion of the burglary instruction, no reasonable likelihood exists that the verdict would have been different if, as Rockett suggests, trial counsel had objected to the burglary instruction.  Rockett fails to establish either deficient performance or prejudice, both of which are required by *Strickland* to support a claim of ineffective assistance of trial counsel.  *Strickland*, 466 U.S. at 691-92.  The state post-conviction court neither unreasonably applied *Strickland* nor unreasonably determined the facts in rejecting this claim.  28 U.S.C. § 2254(d)(1), (2).  Ground Seven warrants no federal relief.

Ineffective assistance of appellate counsel

Rockett contends that his appellate counsel rendered ineffective assistance by not arguing on appeal that the erroneous burglary instruction resulted in a fundamental

error.  The state district court of appeal rejected this ground in Rockett's state habeas

petition.  (Respondent's Exhibit 9)

     *Strickland* applies to a claim of ineffective assistance of appellate counsel.  *Heath v.*

*Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992).  To

establish the claim, Rockett must show that appellate counsel performed deficiently and

that the deficient performance resulted in prejudice.  To demonstrate deficient

performance, Rockett must show that appellate counsel's failure to discover a

non-frivolous issue and failure to file a merits brief raising that issue fell outside the

range of professionally acceptable performance.  *Smith v. Robbins*, 528 U.S. 259, 285-86

(2000).  To demonstrate prejudice, Rockett must show that a reasonable probability

exists that, but for appellate counsel's unreasonable failure to file a merits brief, he

would have prevailed on appeal.  528 U.S. at 285-86.

     As previously discussed, Rockett fails to show that the trial judge erroneously

instructed the jury on burglary.  As a result, Rockett establishes neither deficient

performance nor resulting prejudice from appellate counsel's failure to challenge the

instruction on appeal.  Rockett fails to meet his burden of proving that the state court

unreasonably applied controlling Supreme Court precedent or unreasonably determined

the facts in rejecting this ground.  Ground Three warrants no federal relief.

**Ground Eight**

Rockett contends that his trial counsel rendered ineffective assistance by not

cross-examining the victim about "her inconsistencies as to where she allege[d] the

knives were kept and how he was to have possessed and used those knives in the

commission of the alleged crimes." (Doc. 1, p. 18)  Rockett alleges that his trial counsel

failed to show the jury (1) that the victim "concocted" her rape allegations in retaliation

for Rockett's infidelity and (2) that the victim attacked him with both a paddle and a

butcher knife.  Rockett also claims that he told counsel that the victim's friend,

Von Dowling, testified[8] falsely that she told Rockett not to go to the victim's apartment.

Rockett claims that, despite having this information, counsel failed to impeach

Dowling.

The state post-conviction court summarily rejected this ground in Rockett's

Rule 3.850 motion:

> The Defendant [claims] counsel failed to show the inconsistencies
> in the victim's version of events and that the victim concocted her
> story of rape in order to get back at the Defendant for his
> infidelities. The Defendant contends the victim attacked him with

---

[8]  Dowling testified on direct examination:

> Q:    What did you - - if you would please, tell us the conversation
>       you had [with Rockett].
>
> A:    He was standing at the door, and I told him - - he had just gotten
>       out of jail earlier that day, and I told him, I said, Uncle Tim, you
>       know, if you go over to [the victim]'s house you're going to get
>       into trouble, you can't go over there. And he said, I'm not going
>       over there, I'm through with that, I'm not going over there.

(Respondent's Exhibit 28, Vol. II, pp. 203-04)

a sorority paddle and a butcher knife and Defendant claims he told counsel about his factual version. The Defendant contends he was mislead into believing the victim had a nervous breakdown and that Ms. Von Dowling's testimony at trial that she told the Defendant not to go to the victim's apartment was untrue. The Defendant also points to counsel's alleged failure to cross-examine the victim regarding inconsistencies as to where she alleged the knives were kept and how he was to have possessed and used those knives in the commission of the crimes.

The Defendant's motion is denied. Based upon the trial court testimony of the victim . . . and her friend, Von Dowling, the Defendant has not shown that counsel's cross-examination of the two witnesses was deficient. Further, the Defendant's claim regarding his version of the events and the purported false version of events given by the victim does not state a facially sufficient claim for post-conviction relief because "in order for a motion to be facially sufficient, the defendant must allege specific legal and factual grounds that demonstrate a cognizable claim for relief." *Davis v. State*, 875 So. 2d 359 (Fla. 2003). *See also Kennedy v. State*, 547 So. 2d 912 (Fla. 1989) (holding that the defendant may not simply file a motion for post-conviction relief containing conclusory allegations that his or her trial counsel was ineffective and then expect to receive an evidentiary hearing).

(Respondent's Exhibit 13, pp. 4-6)

"The inquiry into whether a lawyer has provided effective assistance is an objective one:  a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Van Poyck v. Fla. Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002).  A habeas petitioner must overcome a presumption that the challenged conduct of one's counsel was a matter of strategy.  *Strickland,* 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56,59 (6th Cir. 1990).  Counsel's decision to cross-examine and the manner of the cross-examination are strategic decisions entitled to deference.  *Dorsey v. Chapman*, 262 F.3d 1181 (11th Cir. 2001), *cert. denied*, 535 U.S.

1000 (2002);  *Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir. 2001).  The only question is

whether counsel's strategic decision was "reasonable."  *Minton v. Sec'y, Dep't of Corr.*,

271 Fed. App'x 916, 918 (11th Cir. 2008) ("The Supreme Court has 'declined to

articulate specific guidelines for appropriate attorney conduct and instead has

emphasized that the proper measure of attorney performance remains simply

reasonableness under prevailing professional norms.'") (quoting *Wiggins v. Smith*, 539

U.S. 510, 521 (2003));[9] *Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir.

2007) ("Even if counsel's decision appears to have been unwise in retrospect, the

decision will be held to have been ineffective assistance only if it was 'so patently

unreasonable that no competent attorney would have chosen it.'") (quoting *Adams v.

Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).  A defendant's disagreements with

counsel's tactics or strategies will not support a claim of ineffective assistance of

counsel.

Rockett neither (1) presents evidence showing an inconsistent statement by the

victim or Dowling nor (2) specifies a prior statement by either witness that counsel

could have used for impeachment.  Rockett fails to overcome the presumption that

counsel performed reasonably and "made all significant decisions in the exercise of

reasonable professional judgment."  *Chandler*, 218 F.3d at 1314.  Rockett fails to support

his speculative contention that the cross-examination he suggests would have

---

[9]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

established reasonable doubt about his guilt and resulted in a different outcome at trial. *Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).   Rockett fails to meet either *Strickland's* deficient performance requirement or prejudice requirement to support this ground of ineffective assistance of counsel.   *Strickland*, 466 U.S. at 691-92.   The state post-conviction court neither unreasonably applied *Strickland* nor unreasonably determined the facts in rejecting this ground.   28 U.S.C. § 2254(d)(1), (2).

**Ground Nine**

Rockett contends that his trial counsel rendered ineffective assistance (1) by misadvising Rockett about his right to testify and (2) by not calling Rockett as a witness after telling the jury in his opening statement that Rockett would testify.   Rockett argues that counsel told him that, if he testified, the prosecutor would question him about his criminal history and that the trial judge "would think [he] was lying if he testified." (Doc. 1, p. 19)   Rockett further claims that counsel improperly advised him that he "would be on his own" if he chose to testify.   Rockett asserts this "threat to withdraw" by counsel induced him to forfeit his right to testify.

The state post-conviction court summarily rejected this ground:

> The Defendant claims counsel in his opening statement told the
> jury the Defendant would testify at trial and then counsel did not
> call the Defendant as a witness. The Defendant contends counsel
> told him that the State would go into his criminal past and that the

jury would not find him guilty because the State had not proven the charges and the court would think the Defendant was lying if he testified. The Defendant contends his attorney told him he would be "on his own" if he testified and that this misadvice caused the Defendant to forfeit his right to testify.

The Defendant's motion is denied. The Defendant's claim is facially insufficient because the Defendant has not alleged how he was prejudiced by counsel's erroneous advice. *See Hill v. State*, 771 So. 2d 9, 10 (Fla. 2d DCA 2000). The Defendant has failed to allege what he would have testified to and how the failure to testify prejudiced the outcome of the trial against him. *See also Tyler v. State*, 793 So. 2d 137, 142 (Fla. 2d DCA 2001) (holding that prejudice prong must be satisfied even in [a] case where defendant alleges his will was overborne by counsel's threat to withdraw if he testifies to such an extent he does not take the stand).

(Respondent's Exhibit 13, pp. 6-7)

A criminal defendant possesses a fundamental constitutional right to testify at trial. *Rock v. Arkansas*, 483 U.S. 44, 51-53 (1987). "Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide." *United States v. Teague*, 953 F.2d 1525, 1533 (11th Cir. 1992). *Gallego v. United States*, 174 F.3d 1196, 1197 (11th Cir. 1999) (holding that ineffective assistance occurs when (1) counsel refuses to honor a defendant's decision to testify or (2) counsel fails to inform a defendant that he has a right to testify and that the final decision whether to testify is the defendant's alone). "Where the defendant claims a violation of his right to testify by defense counsel, the essence of the claim is that the action or inaction of the attorney deprived the defendant of the ability to choose whether or not to testify in his own behalf." *Teague*, 953 F.2d at 1534. To prevail on an ineffective

assistance of counsel claim alleging that counsel prevented a petitioner from testifying,

the petitioner must produce more than a bare, unsubstantiated allegation to satisfy

*Strickland's* requirements.  *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991) ("[I]n a

subsequent collateral attack on the conviction [alleging ineffective assistance for

counseling the defendant not to testify], the defendant must produce something more

than a bare, unsubstantiated, thoroughly self-serving, and none too plausible statement

that his lawyer (in violation of professional standards) forbade him to take the stand.").

    The trial judge at the close of the prosecution's case specifically questioned

Rockett about his decision to testify.  Rockett averred that, after consulting counsel, he

did not want to testify.[10]  Rockett does not allege that, absent counsel's allegedly

---

[10]  The trial judge inquired:

| Court: | The court wants to be assured and have the record reflect that you have a complete understanding regarding an important decision in this case. |
|---|---|
| | If requested by you, the jury will be instructed by the court that you have an absolute right to remain silent and that the jury must not view this as an admission of guilt or be influenced in any way by your decision. |
| | Additionally, I must advise you that you also do have an absolute constitutional right to testify in this trial. It is your right to testify or not to testify. No one can make that decision except you. Of course, you should consult with your attorney and consider your attorney's advice, but I remind you that the decision to testify or not testify is yours alone. Do you understand what I've just explained? |
| Defendant: | Yes, ma'am. |

(continued...)

erroneous advice, he would have testified at trial.  He fails to demonstrate either that counsel failed to advise him of his right to testify or that counsel interfered with or deprived him of the ability to knowingly decide whether to testify.  Rockett also fails to show that absent counsel's alleged error, he would have testified, resulting in a different outcome at trial.  Consequently, Rockett fails to establish either deficient performance or prejudice, both of which are required by *Strickland* to support a claim of ineffective assistance of counsel.  *Strickland*, 466 U.S. at 691-92.  Rockett fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this ground.  28 U.S.C. § 2254(d)(1), (2).

---

[10](...continued)

| | |
|---|---|
| Court: | Have you discussed this matter thoroughly with your attorney? |
| Defendant: | Yes, I have. |
| Court: | Are you satisfied with the advice you have received? |
| Defendant: | Yes, I have [sic]. |
| Court: | Your decision has been finalized at this point; however, can you assure me that whatever decision you have reached will be your decision after the advice of your counsel? |
| Defendant: | Yes. |
| Court: | Okay. Thank you, sir. And it's your decision not to testify; is that correct? |
| Defendant: | Yes. |

(Respondent's Exhibit 28, Vol. III, pp. 343-44)

**Ground Ten**

Rockett contends that his trial counsel rendered ineffective assistance by not

exercising either a challenge for cause or a peremptory challenge to exclude jurors King,

Miller, and Berge from the jury because (1) juror King showed bias against him,

(2) juror Miller was a burglary victim, and (3) juror Berge believed Rockett was guilty

based on the O. J. Simpson case.

The state post-conviction court rejected this ground after an evidentiary hearing:

> With respect to the issue regarding the failure to strike the jurors,
> specifically with respect to jurors King, Berge, and Miller,
> [counsel] testified that he did remember the comments juror Berge
> gave regarding the O. J. Simpson case,[11] but

---

[11]  Berge stated during *voir dire*:

| | |
|---|---|
| [Prosecutor]: | Anyone else have hesitation? Obviously, all robberies aren't committed in a convenience store where there's a videotape or - - does everyone understand one witness to be enough if you, as jurors, believe that one witness? Anybody have a problem with that? |
| | . . . . |
| | Would you have a problem with a he said/she said type thing? |
| [Berge]: | Depends on how good you do your job. |
| [Prosecutor]: | No, we just put witnesses up and ask them questions. This is not about who is the better lawyer, it's about who you believe as the jurors. |
| [Berge]: | How you present it. |
| [Prosecutor]: | We just ask the questions. Do you think that's a factor? If that's what you think is a factor - - |
| [Berge]: | I think it could be. See, I keep thinking about this and |

(continued...)

[counsel] testified that he did not believe the comments rose to the level of a cause challenge. [Counsel] also testified that Mr. Berge made statements regarding his skepticism of attorneys and witnesses. [Counsel] also did not recall exactly why he did not use a peremptory challenge against that juror but he also testified that his usual habit would be to discuss each juror with the Defendant and he does not remember the Defendant asking for any of the jurors to be struck. [Counsel] testified that he did not recall the statements regarding jurors

---

[11](...continued)

this is a fact in O. J. Simpson's case. That was a factual case. I think he got away with murder and that keeps going through my head.

. . . .

[Prosecutor]:   Right. If you get instructed that a lawyer may talk to a witness about what the testimony will be when they get on the stand, how does that make you feel about judging their testimony?

[Berge]:   Probably tainted a little bit.

[Prosecutor]:   Because what are they going to tell them?

[Berge]:   How to act, how to react.

[Prosecutor]:   Is that going to impair your ability to determine who is telling the truth?

[Berge]:   If I thought they've been talked to by the lawyer.

. . . .

[Counsel]:   Right. This is kind of like a job. You're applying for a job but you don't know what it is.

[Berge]:   Yeah, especially if you have never been there before.

[Counsel]:   And we want to know if you're qualified.

[Berge]:   I'm not.

(Respondent's Exhibit 28, Vol. II, pp. 54-55, 68-70)

King[12] and Miller[13] or discussing the issues with the Defendant but he did testify that if they had been victims of burglaries in the past, he may have chosen to keep those jurors rather than risk taking jurors later that may have had more problems with the case.

. . . .

Mr. Rockett testified that juror Berge stated that O. J. Simpson got away with murder, that Mr. Rockett's case was similar to O. J.'s case in that knives were alleged to have been used and he believed that this inflamed the jury against him. The Defendant claimed that jurors King and Miller both had been victims of burglaries and, specifically, Miller's wife was still terrified from the incident. Mr. Rockett testified he expressed concern to his attorney regarding these jurors but the jurors were not stricken.

. . . .

---

[12]  The trial transcript shows only one statement from King during *voir dire*:

| [Counsel]: | Okay. Mr. King, how are you this afternoon? |
| [King]: | Just fine. |
| [Counsel]: | When the State has the burden of proof and the judge has read you the instructions, do you think it's fair that the State be the party that has to prove the case? |
| [King]: | Of course. |

(Respondent's Exhibit 28, Vol. II, p. 63)

[13]  Miller disclosed during *voir dire*:

| [Miller]: | I had a breaking and entering one night and I realized how terrified my wife was. Fortunately, I was armed and - - it's a scary experience for a woman, to have someone stand in your doorway at three o'clock in the morning. |
| [Prosecutor]: | Would it matter to you whether the person - - |
| [Miller]: | I don't think it would matter. I can appreciate the position of a woman in this case. |

(Respondent's Exhibit 28, Vol. II, pp. 31-32)

With regard to failure to strike jurors King, Miller, and Berge, the Supreme Court recently decided *Carratelli v. State*, 32 Fla. L. Weekly S390 (Fla. July 5, 2007). In *Carratelli*, the court stated that in order to demonstrate ineffective assistance of counsel for failure to preserve a claim of reversible error in jury selection, the movant must demonstrate that an actually biased juror served on the jury. *Id*. Here, although counsel did not remember why he did not object to juror Berge, the Defendant has not demonstrated the juror was actually biased because juror Berge's responses indicated, along with his comment regarding O. J. Simpson, that he had problems with believing attorneys who prepare witnesses and believed all politicians were liars. From the record it appears juror Berge was not actually biased and counsel made a strategic decision not to use a peremptory challenge. With respect to jurors King and Miller, although they were victims of crimes, there is no reason to believe they were actually biased. Additionally, it is apparent that the Defendant was satisfied with the jury as counsel did not remember Mr. Rockett ever asking to have any of those jurors struck and the court finds Mr. Rockett's testimony to the contrary not credible.

(Respondent's Exhibit 16, pp. 3-5, 9-10) (court's record citations omitted)

"The constitutional standard of fairness requires that the criminally accused have a panel of impartial, indifferent jurors." *Murphy v. Fla.*, 421 U.S. 794, 799 (1975). "The purpose of voir dire is to ascertain whether potential jurors can render a verdict solely on the basis of evidence presented and the charge of the trial court." *Wilcox v. Ford*, 813 F.2d 1140, 1150 (11th Cir. 1987). *J.E.B. v. Ala. ex rel. T.B.*, 511 U.S. 127, 143-44 (1994) ("Voir dire provides a means of discovering actual or implied bias and a firmer basis upon which the parties may exercise their peremptory challenges intelligently."); *Mu'Min v. Va.*, 500 U.S. 415, 431 (1991) ("Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges."). "Voir dire plays a critical function in assuring the

criminal defendant that his Sixth Amendment right to an impartial jury will be honored." *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981).

Effective assistance of counsel is required during voir dire. *Brown v. Jones*, 255 F.3d 1273, 1278-79 (11th Cir. 2001). However, counsel's questions and tactics during *voir dire* are a matter of trial strategy. *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). "A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'" *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). Because empaneled jurors are presumed impartial, *Smith v. Phillips*, 455 U.S. 209, 215 (1982), Rockett must show that the juror selection process produced a juror that was actually biased against him to satisfy *Strickland's* prejudice prong. *Hughes,* 258 F.3d at 458; *Rogers v. McMullen*, 673 F.2d 1185, 1189 (11th Cir. 1982) (defendant's Sixth Amendment right to a fair and impartial jury was not violated absent a showing that a jury member hearing the case was actually biased against him).

Rockett fails to cite any record evidence establishing that either King, Miller, or Berge lacked the ability to be fair and impartial at trial. Rockett neither shows actual bias nor establishes that if trial counsel had successfully stricken these three jurors the outcome of the trial would have been different. *Strickland*, 466 U.S. at 694. Rockett fails to establish that the state post-conviction court either unreasonably applied *Strickland* or unreasonably determined the facts in rejecting this ground of ineffective assistance of counsel. *Patton v. Yount*, 467 U.S. 1025 (1984) (state trial judge's

- 32 -

determination of an individual juror's impartiality is entitled to a presumption of correctness on federal habeas review under 28 U.S.C. § 2254(d)).

**Ground Eleven**

The victim testified at trial that she did not talk with Rockett about getting married and that she and Rockett were never engaged to be married. (Respondent's Exhibit 28, Vol. II, pp. 122, 125, 167) Rockett claims that Pastor Calvin Johnson would have testified that Rockett and the victim were engaged and that he had seen Rockett and the victim attend marriage-counseling sessions. Rockett claims that counsel could have used Johnson's testimony to impeach the victim about her "true relationship" with Rockett. Rockett contends that his trial counsel rendered ineffective assistance by not investigating or deposing Johnson.

The state post-conviction court summarily rejected this ground:

> The Defendant claims counsel failed to call Pastor Calvin Johnson, who could have testified and impeached the victim as to her true relationship with the Defendant at the time of the crime. The Defendant claims Pastor Johnson could have told the jury that the Defendant and the victim were engaged to be married and that he had seen them in marriage counseling sessions on a number of occasions. The Defendant claims that witness came to the Defendant's sentencing hearing and told these facts to the court at that time.

> The Defendant's motion is denied. Two times during [the victim]'s testimony, she denied that she was engaged to the Defendant at any time. The Defendant's proposed impeachment would have been inadmissible at trial because the evidence would have been an immaterial collateral issue. As the court in *Correia v. State*, 654 So. 2d 952, 954 (Fla. 4th DCA 1995), explained, "[i]n determining if the issue is collateral so that collateral impeachment by extrinsic evidence is disallowed, the question to be posed is whether the impeaching evidence would be admissible for any other purpose

other than contradiction." The two types of evidence that pass this test are: (1) evidence which is relevant to independently prove a material fact or issue; and (2) evidence which would discredit a witness by pointing out the witness's bias, corruption, or lack of competency. *Id.* Here, whether the [victim] was engaged or not to the Defendant is a collateral issue in the context of determining whether or not the Defendant was guilty of the crimes he committed against the [victim] and the relative significance of whether the witness told the truth on that issue does not mean that the witness was biased, corrupt, or incompetent.

(Respondent's Exhibit 13, pp. 8-9) (court's record citation omitted)

Under state law cited by the state post-conviction court, whether the victim was engaged to Rockett was a collateral matter not subject to impeachment with extrinsic evidence. Consequently, trial counsel had no basis to impeach the victim with Johnson's testimony as he suggests. Because he establishes neither deficient performance nor prejudice under *Strickland*, Rockett cannot show that the state court either unreasonably applied Supreme Court precedent or an unreasonably determined the facts in rejecting this ground. 28 U.S.C. § 2254 (d)(1), (2).

**Ground Twelve**

The victim testified that, after an altercation with Rockett before the day of the crimes, she obtained a temporary domestic violence injunction against Rockett and changed the lock on her apartment door. (Respondent's Exhibit 28, Vol. II, pp. 131-32, 136) Rockett claims that counsel should have both subpoenaed the manager of the apartment complex and directed him to provide a work order or receipt, which, Rockett claims, the manager could not produce. Rockett argues that the absence of a work order or other evidence of a lock change, along with the manager's testimony,

would have established that Rockett's key continued to work on the door and granted

Rockett consent to enter the apartment on the day of the crimes.  Rockett contends that

his trial counsel rendered ineffective assistance by not investigating or deposing the

apartment complex manager.

The state post-conviction court summarily rejected this ground:

> The Defendant contends counsel failed to depose and call as a witness the manager of the apartment complex where the victim and the Defendant lived together before the alleged crime. The Defendant contends that the manager could have been subpoenaed to provide a receipt or work order to show if the deadbolt lock was changed as alleged by the victim. The Defendant contends that this testimony would have established that he made a consensual entry into the apartment that night.
>
> The Defendant's motion is denied. The victim testified during her testimony that the Defendant broke into her apartment without her permission and that she had the locks changed after she had obtained a domestic violence injunction against the Defendant. Further, during the victim's testimony, she identified the keys found in the front door as the old keys from her previous lock and that the key was bent. Additionally, Deputy Pinkney, the first responding officer, testified that the door frame was bent when he arrived at the apartment. This testimony directly contradicts any claim that the Defendant's entry was consensual or occurred through use of a key that actually fit the lock on the door of the victim's apartment. As a result, the Defendant has failed to show how counsel's failure to call the witness prejudiced him.

(Respondent's Exhibit 13, pp. 9-10) (court's record citations omitted)

Rockett presents no evidence demonstrating either that the lock on the apartment

door had not been changed or that his entry into the apartment was "consensual."

Even if trial counsel had subpoenaed the apartment complex manager, no evidence

shows that the manager would have testified favorably as Rockett hypothesizes. *United*

*States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.") (footnotes omitted).  Rockett fails to demonstrate that trial counsel's performance fell outside the bounds of reasonable professional judgment.  *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*) ("[W]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision.").  Rockett fails to support his speculative contention that the apartment manager's testimony would have resulted in his acquittal.  Rockett fails to establish either that the state court unreasonably applied *Strickland* or unreasonably determined the facts in rejecting this ground.  28 U.S.C. § 2254(d)(1), (2).

**Ground Thirteen**

Deputy Don Lewis testified that he pepper sprayed Rockett during the arrest because Rockett refused to comply with his commands.  (Respondent's Exhibit 28, Vol. III, pp. 300-01)  Despite the pepper spray, Rockett got to his feet and "launched" himself at Deputy Lewis.  Deputy Lewis twice struck Rockett in the back of the head with his gun.  When Rockett was handcuffed and restrained on a gurney, medical personnel took Rockett to the hospital, where he received three staples in his head.  (Respondent's Exhibit 28, Vol. III, pp. 251-52)  Rockett contends that his trial counsel rendered ineffective assistance by not investigating and not deposing the emergency

room doctor who treated Rockett at Sarasota Memorial Hospital for the head injury.

Rockett claims that the doctor "could have impeached the deputy who initially told the

doctor that [Rockett] received the head injury from hitting his head on furniture in the

apartment and not by being beaten by the deputy." (Doc. 1, p. 24)

> The state post-conviction court summarily rejected this ground:

>> The Defendant contends counsel was ineffective when he failed to
>> depose and call as a witness the emergency room doctor at
>> Sarasota Memorial Hospital who treated the Defendant for
>> injuries to his head after he was arrested. The Defendant contends
>> the witness could have impeached the deputy who initially told the
>> doctor that the Defendant received the head injury from hitting his
>> head on furniture in the apartment and not by being beaten by the
>> deputy.

>> The Defendant's motion is denied. Deputy Lewis admitted during
>> his testimony that he hit the Defendant in the head during the
>> struggle to arrest the Defendant. The Defendant's proposed
>> impeachment was, therefore, unnecessary as the witness admitted
>> during [his] testimony that he hit the Defendant in the head during
>> the arrest.

(Respondent's Exhibit 13, pp. 10-11) (court's record citation omitted)

Deputy Lewis testified at trial that he struck Rockett in the head.  Deputy Charles

Pinkney testified that Rockett received the staples in his head as a result of the injury

sustained during the arrest.  Trial counsel had no reason to impeach Deputy Lewis on

this subject.  Rockett fails to establish either that the state court unreasonably applied

*Strickland* or unreasonably determined the facts in rejecting this ground.  28 U.S.C.

§ 2254(d)(1), (2).

**Ground Fourteen**

The prosecutor filed a pre-trial notice of the state's intention to introduce evidence of the prior unrelated sexual battery of the victim by Rockett. (Respondent's Exhibit 28, Vol. I, pp. 22-23) The victim testified at trial about the prior sexual battery.[14] Rockett argues that the prior sexual battery was not admissible under the *Williams* rule[15] because it was not sufficiently similar to the charges offenses. Rockett contends that his trial counsel rendered ineffective assistance by not (1) moving *in limine* to exclude the evidence or (2) objecting at trial to the admission of the evidence.

The state post-conviction court summarily rejected this ground:

> The Defendant claims counsel did not object or file a pretrial motion in limine to strike the similar fact *Williams* rule evidence testimony of a prior sexual battery by the Defendant on the victim. The Defendant claims the prior incident did not meet the test for

---

[14] The trial judge gave a special instruction before the victim testified about the prior sexual battery:

> Ladies and gentlemen, the evidence you are about to receive concerning evidence of other crimes allegedly committed by the defendant will be considered by you for the limited purpose of proving motive, intent, or absence of mistake or accident on the part of the defendant and you shall consider it only as it relates to those issues. However, the defendant is not on trial for a crime that is not included in the information.

(Respondent's Exhibit 28, Vol. II, p. 126)

[15] The *Williams* rule states:

> Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

Fla. Stat. § 90.404(2)(a). *Williams v. State*, 110 So. 2d 654, 662 (Fla.), *cert. denied*, 361 U.S. 874 (1959).

admissibility of similar fact evidence in that it was not sufficiently similar except that it occurred at the victim's apartment.

The Defendant's motion is denied. First, the State provided pretrial notice of its intent to use the similar fact evidence. Additionally, the State introduced the testimony during the victim's testimony but it did not become a feature of the trial. Based upon the testimony of the victim about the incident, the testimony was admissible to show motive and opportunity to commit the crime. *See Boroughs v. State*, 684 So. 2d 274 (Fla. 5th DCA 1996) (holding that testimony involving physical acts of domestic abuse which pertained directly to charged offenses was not similar fact evidence but was admissible to prove offenses charged and evidence of other wrongs was admissible to show [a] pattern of behavior or relationship of [the] parties). Any objection or motion *in limine* by defense counsel would, based upon the facts of the case, have been properly denied.

(Respondent's Exhibit 13, pp. 11-12) (court's record citation omitted)

Although his ineffective assistance of counsel claim is a federal constitutional claim, Rockett's underlying claim challenges the admissibility of evidence under state evidentiary rules.  Both the state post-conviction court in rejecting Rockett's ground of ineffective assistance of counsel and the state district court of appeal in affirming that rejection have answered the question of what would have happened if counsel had either moved *in limine* to exclude the evidence or objected at trial to the victim's testimony about the prior sexual battery.  *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under state law had [petitioner's counsel] done what [petitioner] argues he should have done . . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549

(11th Cir. 1997)); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("[T]he

Alabama Court of Criminal Appeals has already answered the question of what would

have happened had [petitioner's counsel] objected to the introduction of [petitioner's]

statements based on [state law] – the objection would have been overruled . . . .

Therefore, [petitioner's counsel] was not ineffective for failing to make that objection.").

Accordingly, Rockett shows neither deficient performance nor resulting prejudice from

counsel's alleged error.  *Strickland*, 466 U.S. at 691-92.  Rockett fails to meet his burden

of proving that the state court unreasonably applied controlling Supreme Court

precedent or unreasonably determined the facts in rejecting this ground.  28 U.S.C.

§ 2254(d)(1), (2).

**Ground Fifteen**

Rockett contends that his trial counsel rendered ineffective assistance by not

adequately moving for a judgment of acquittal.  Rockett claims that counsel's motion

was "boilerplate" and did not specifically address either the elements of the charges or

the facts of the case.  Rockett further claims that trial counsel should have supported his

motion for judgment of acquittal by citing both state case law and state statutes.

The state post-conviction court summarily rejected this ground:

> The Defendant contends counsel's motion for judgment of
> acquittal was boilerplate and not specifically directed to the
> elements of the charges and the facts of the case. The Defendant
> points to several alleged discrepancies in the evidence and claims
> counsel should have supported his arguments with these
> discrepancies along with caselaw and citation to Florida statutes.

> The Defendant's motion is denied. Counsel's motion for judgment
> of acquittal addressed all the main charges and was specific to the
> elements of the charges and was not merely a boilerplate motion.
> The fact is, that based upon the testimony of the victim and the
> law in relation to a judgment of acquittal, any motion for
> judgment of acquittal would have been properly denied.

(Respondent's Exhibit 13, p. 12) (court's record citation omitted)

The record shows that trial counsel moved for a judgment of acquittal on five of the six charges[16] and specifically argued that the prosecutor had failed to establish a particular element of each of those charges. (Respondent's Exhibit 28, Vol. III, pp. 330-34) Rockett fails to substantiate his argument that counsel presented a mere "boilerplate" motion. The state post-conviction court neither unreasonably applied *Strickland* nor unreasonably determined the facts in rejecting this ground. 28 U.S.C. § 2254(d)(1), (2).

**Ground Seventeen**

To prove the crime of armed burglary, the prosecutor must prove three elements beyond a reasonable doubt: (1) that Rockett entered or remained in a structure owned by or in the possession of the victim, (2) that Rockett did not have the permission or consent of the victim to enter or remain in the structure at that time, and (3) that, at the time of entering the structure, Rockett had a fully-formed, conscious intent to commit an offense in that structure. (Respondent's Exhibit 28, Vol. III, p. 373)  In his motion for judgment of acquittal on the armed burglary charge, trial counsel argued that

---

[16] Trial counsel did not move for a judgment of acquittal on the violation of the domestic violence injunction.

"there's no indication what intent Mr. Rockett had at the time that he entered that dwelling and, therefore, we would ask that that charge not be allowed to proceed." (Respondent's Exhibit 28, Vol. III, p. 331)

During deliberations the jury sent a question to the trial judge about the third element of the burglary offense: "Does 'commit an offense' mean specifically a burglary or stealing something or does it mean any offense committed within the structure?" (Respondent's Exhibit 28, Vol. I, p. 131)  The prosecutor pointed out that trial counsel did not move before trial for a bill of particulars.  (Respondent's Exhibit 28, Vol. III, pp. 393-94)  Trial counsel argued that, "because the state did not specify an offense doesn't mean that now that they can say any offense, they have the burden of proving the offense which is in the information and I think changing it from ["]an["] to ["]any["] is a substantial change and is actually lowering the standard and changing the instruction."  (Respondent's Exhibit 28, Vol. III, p. 398)  The trial judge in a written response ultimately advised the jury: "'Commit an offense' means any offense proven beyond a reasonable doubt."  (Respondent's Exhibit 28, Vol. I, p. 131)

Rockett contends that his trial counsel rendered ineffective assistance by not filing a pre-trial motion for a bill of particulars "because the information is not sufficiently precise to enable [him] to prepare a defense or protect him against double jeopardy."  (Doc. 1, p. 28)  He further contends that the trial judge's answer to the jury's question "lessened the state's burden."  (Doc. 1, p. 28)

The state post-conviction court summarily rejected this ground:

The Defendant contends that before the jury instruction on armed burglary, the issue of what crime was intended to be committed within the apartment was brought up and it was noted that counsel had not filed a motion for a statement of particulars. The Defendant then alleges that the jury asked a question regarding at what time the Defendant had to form intent to commit a crime therein and the court's answer was "commit any crime therein," which the Defendant contends lessened the State's burden. The Defendant claims counsel should have filed a motion for statement of particulars because the information was not sufficiently precise to enable the Defendant to prepare a defense or protect him against double jeopardy.

The Defendant's motion is denied. Based upon the transcript of the testimony, the Defendant has not shown that he was prejudiced by counsel's failure to file a motion for statement of particulars. The information in the case did not have to define what particular offense was committed therein and it was clear that the Defendant committed several crimes after he entered into the victim's apartment. *See Ellis v. State*, 442 So. 2d 213 (Fla. 1983) (holding that in burglary and attempted burglary, specific offense intended to be committed therein need not be alleged in charging instrument). The court's response to the jury question was proper.

(Respondent's Exhibit 13, pp. 14-15) (court's record citations omitted)

"An instrument charging burglary or attempted burglary must allege that the defendant's unlawful actions . . . were done with the intent to commit an offense in the structure or conveyance in question, but need not specify the offense so intended."

*Ellis v. State*, 425 So. 2d 201, 202 (Fla. 5th DCA 1983).  The trial judge's response to the jury's question was a correct statement of the law at the time of Rockett's trial.  Rockett presents no evidence substantiating his allegation that the information, which charged Rockett with unlawfully entering or remaining in the victim's residence with the "intent to commit an offense therein," was so vague as to prevent him from preparing a defense.  Rockett fails to show that if counsel had filed a motion for a statement of

particulars, the trial judge would have granted the motion and the jury would have

acquitted him of the burglary charge.  Rockett's failure to establish prejudice precludes

relief on this ground of ineffective assistance of counsel because the requirements of

*Strickland* remain unsatisfied.  *Strickland*, 466 U.S. at 691-92.  The state court's rejection

of this ground is neither an unreasonable application of *Strickland* nor an unreasonable

determination of the facts.  28 U.S.C. § 2254(d)(1), (2).[17]

**Grounds Four, Eighteen and Twenty**

In ground eighteen Rockett presents six sub-claims for relief: (1) trial counsel

rendered ineffective assistance by not challenging the evidence of penetration to support

the sexual battery charge, (2) trial counsel rendered ineffective assistance by not

---

[17]  The trial judge's answer to the jury's question did not exclude burglary as an offense that the jury could find Rockett intended to commit when he entered the victim's apartment. Consequently, the jurors might have interpreted the third element of the burglary charge to permit a finding that Rockett intended to commit, as the third element of burglary, the burglary itself. Florida law precludes a burglary conviction based on this circularity. *See Stone v. State*, 899 So. 2d 421, 422 (Fla. 5th DCA 2005) ("An instruction [that, to find the defendant guilty of burglary, the state had to prove that the defendant acted with the intent to commit burglary within the dwelling], constitutes fundamental error because 'it is circular to define 'burglary' by indicating the need to show the intent to commit 'burglary' within the structure o[r] conveyance, rather than an intent to commit an underlying 'offense' within the structure or conveyance.'") (quoting *Viveros v. State*, 699 So. 2d 822, 824 (Fla. 4th DCA 1997)). The judge's defective answer to the jury's question did not require that, to satisfy the third element of the instruction, the state had to prove that Rockett intended to commit within the structure an offense other than the burglary. (Also, the record leaves open whether the requisite number of jurors concurred in finding the crime – whichever crime – Rockett committed in satisfaction of the third element. Of course, Rockett obviously committed an aggravated sexual battery against the victim.) However, even under a charitable construction of ground seventeen, *Haines v. Kerner*, 404 U.S. 5, 520-21 (1972), Rockett has neither argued in federal court nor exhausted in state court a substantive federal due process violation resulting from the trial judge's defective answer to the jury's question. Because a court "should not act 'as de facto counsel' for a pro se litigant or 're-write an otherwise deficient pleading to sustain an action,'" in this order the potential due process claim is not reviewed on the merits. *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998) ("Although we construe pro se pleadings liberally, . . . we will not rewrite a petition to include claims that were never presented."); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

challenging the illegal life sentence for the involuntary sexual battery conviction,

(3) trial counsel rendered ineffective assistance by not moving to dismiss the informa-

tion, (4) the jury instruction on sexual battery was defective, (5) the life sentence for the

sexual battery conviction is illegal, and (6) the convictions for burglary, involuntary

sexual battery, and aggravated battery with a deadly weapon violate the prohibition

against double jeopardy because all three crimes occurred in a single episode.   Rockett

repeats his double jeopardy argument in ground twenty.   In ground four Rockett argues

that his appellate counsel rendered ineffective assistance by not challenging on direct

appeal the illegal life sentence for the involuntary sexual battery conviction.

Ground Eighteen - claims (1) and (4)

Rockett alleges that "there was no evidence other than the victim's testimony of

penetration with her mouth."  (Doc. 1, p. 29)  He further alleges that the jury instruction

on sexual battery was defective because the instruction stated that "the state only had to

prove intent to commit such a crime."[18]  (Doc. 1, p. 29)  The state post-conviction court

---

[18]  The trial judge instructed the jury:

Before you can find the defendant guilty of involuntary sexual battery
upon a person 12 years of age or older, the State must prove the
following four elements beyond a reasonable doubt:

1.      [The victim] was 12 years of age or older.

2.      Timothy Rockett committed an act upon [the
victim] in which the sexual organ of Timothy
Rockett penetrated or had union with the mouth
of [the victim].

(continued...)

summarily rejected these allegations:

> [T]he Defendant contends his attorney failed to challenge the evidence of penetration relied upon by the State to support the sexual battery charge, the Defendant claiming that there was no evidence other than the victim's testimony of penetration with her mouth. The Defendant claims that the jury instruction on sexual battery was defective because the instruction read that the State only had to prove intent to commit such a crime.
>
> . . . .
>
> The Defendant's claim regarding evidence dealing with penetration is denied because penetration can be proven by testimony of the victim alone. *See Ready v. State*, 636 So. 2d 67 (Fla. 2d DCA 1994) (noting that even the slightest evidence of penetration is sufficient in sexual battery prosecution). The victim testified to the Defendant having put his penis in her mouth, the fact that he did not have an erection does not mean that penetration was lacking. The jury instruction was proper.

(Respondent's Exhibit 13, pp. 16-17) (court's record citation omitted)

Florida law defines sexual battery as the "oral, anal, or vaginal penetration by, or union with, the sexual organ of another . . . ."  Fla. Stat. § 794.011(1)(h).  The victim testified that Rockett "put his penis in [her] mouth."  (Respondent's Exhibit 28, Vol. II, p. 147)  Contrary to Rockett's argument, the victim's testimony alone is sufficient evidence to support a sexual battery conviction.  *Snodderly v. State,* 528 So. 2d 982 (Fla.

---

[18](...continued)

| | |
|---|---|
| 3. | Timothy Rockett coerced [the victim] to submit by threatening to use force or violence likely to cause serious personal injury and [the victim] reasonably believed the defendant had the present ability to execute the threat. |
| 4. | The act was committed without the consent of [the victim]. |

(Respondent's Exhibit 28, Vol. III, pp. 375-76)

1st DCA 1988) (noting that the testimony of the victim was sufficient to establish penetration in a prosecution for sexual battery). *Davis v. State*, 569 So. 2d 1317 (Fla. 1st DCA 1990) (noting that, in Florida, "proof of even the slightest penetration" is sufficient to establish the penetration element in a sexual battery case).

The trial judge gave the standard jury instruction for sexual battery.[19]  Fla. Std. J. Instr. 11.3.  Contrary to Rockett's argument, the instruction did not "read that the state only had to prove intent to commit such a crime."  (Doc. 1, p. 29)  Rockett fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting claims (1) and (4) of ground eighteen.  28 U.S.C. § 2254(d)(1), (2).

Ground Eighteen - claims (2) and (5)

In claim (2) Rockett contends that his trial counsel rendered ineffective assistance by not challenging the illegal life sentence for the involuntary sexual battery conviction. In claim (5) Rockett contends that his life sentence for the involuntary sexual battery conviction is illegal because the maximum sentence for that offense is thirty years. Rockett raised both grounds in his Rule 3.850 motion and the post-conviction court directed the state to respond to the grounds.  In its response the state conceded Rockett's entitlement to re-sentencing on the involuntary sexual battery conviction (Respondent's Exhibit 14, p. 5) and the state post-conviction court concurred.

---

[19]  Trial counsel did not object during the charge conference to the standard instruction and did not request a special instruction on the involuntary sexual battery charge. (Respondent's Exhibit 28, Vol. III, p. 334-35)

(Respondent's Exhibit 16, p. 10)  Rockett was re-sentenced to the statutory maximum sentence of thirty years imprisonment.

Even assuming that trial counsel performed deficiently by not challenging the original sentence, Rockett cannot establish prejudice because he was re-sentenced to the correct statutory maximum term for the sexual battery conviction.  Fla. Stat. § 775.082 (4)(b).  *Lott v. Hargett*, 80 F.3d 161, 167 (5th Cir. 1996) ("[T]he prejudice which Lott suffered as a result of counsel's failure to [object to a life sentence which was illegal under state law] was cured when Lott was re-sentenced.  As a result, [the ineffective assistance of counsel] claim is now moot.").  Consequently, neither the substantive challenge to the legality of the original life sentence or the attendant ineffective assistance of counsel claim warrants federal relief because the state court has already granted Rockett the relief he seeks.

Ground Four

Rockett argues that his appellate counsel rendered ineffective assistance by not challenging on direct appeal the illegal life sentence for the involuntary sexual battery conviction.  The state appellate court rejected this claim in Rockett's state habeas petition.[20]  Even assuming that appellate counsel rendered ineffective assistance,

---

[20]  The state appellate court held:

> Petitioner's petition alleging ineffective assistance of appellate counsel is denied without prejudice to any right petitioner may have to challenge, pursuant to Florida Rule of Criminal Procedure 3.800(a), his sentence on his conviction for sexual battery under section 794.011(4)(b) as an illegal sentence because it is in excess of the statutory maximum for a first-degree felony.

(Respondent's Exhibit 9)

Rockett's federal claim is moot because the re-sentencing cured the prejudice Rockett suffered from appellate counsel's failure to challenge the life sentence on appeal. *Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989) (finding moot petitioner's claim of ineffective assistance of appellate counsel for not raising a sentencing error since petitioner's original sentence was vacated in a post-conviction proceeding).  Ground four warrants no federal relief.

Ground Eighteen - claim (3)

Rockett contends that his trial counsel rendered ineffective assistance by not moving to dismiss the information.  Aside from stating that he "notes an objection to the Information in the oath of the assistant state attorney," Rockett offers no facts to support this allegation and fails to state the basis of his "objection."  To the extent that he relies upon the same facts he presented to the state post-conviction court in his Rule 3.850 motion to support his claim in the federal petition (i.e., that "the state attorney's office lacked jur[isdic]tional authority to indict and/or draft [the] information against him when there is simply no proof that these assistant state attorneys were under oath and commissioned for a four-year term, while the same prosecuted [him]"), Rockett cannot obtain relief.

The state post-conviction court rejected this claim because Rocket "failed to show how he was prejudiced by th[e] claimed error."  (Respondent's Exhibit 13, p. 18)  To the extent that Rockett challenges the sufficiency of the information, his claim warrants no relief because he does not present a federal constitutional question.  28 U.S.C.

§ 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  The legal sufficiency of a state information is not properly the subject of federal habeas corpus relief unless the information is so deficient that the convicting court is deprived of jurisdiction. *DeBenedictis v. Wainwright*, 674 F.2d 841, 842 (11th Cir. 1982) (citations omitted).  The information sets forth the elements of each of the charged offenses and includes the required oath of the assistant state attorney.  (Respondent's Exhibit 28, Vol. I, pp. 14-18)  Fla. R. Crim. P. 3.140(g), (o).  The information was not so vague, indistinct or indefinite as to mislead Rockett or impede the preparation of his defense.  *Perley v. State*, 947 So. 2d 672, 674 (Fla. 4th DCA 2007) ("A criminal information is fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy.").  Consequently, counsel had no basis on which to object to the information as Rockett now suggests.  *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).  Rockett fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying this claim of ineffective assistance of counsel.  28 U.S.C. § 2254(d)(1), (2).

Ground Eighteen - claim (6) and Ground Twenty

In claim 6 of ground eighteen Rockett contends that his convictions for burglary, involuntary sexual battery, and aggravated battery with a deadly weapon violate the prohibition against double jeopardy because all three crimes occurred in a single

episode.  In ground twenty Rockett repeats his argument that "armed burglary is a continuing offense and double jeopardy barred the state from convicting and sentencing [him] for both armed burglary and aggravated battery with a deadly weapon arising from the same criminal episode." (Doc. 1, p. 32)

Rockett presented the allegations in claim 6 of ground eighteen to the state post-conviction court in his Rule 3.850 motion.  The state court summarily rejected this claim because "the elements of the offenses are clearly different." (Respondent's Exhibit 13, pp. 17-18)  Rockett subsequently presented the allegations in ground twenty to the state post-conviction court in a Rule 3.800(a) motion to correct his sentence. (Respondent's Exhibit 24, pp. 2-4)  The state court again rejected the claim:

> [T]he Defendant contends that double jeopardy bars the State from convicting and sentencing him for both armed burglary and aggravated battery with a deadly weapon arising from the same criminal episode. The Court finds this claim to be without merit. The elements of Armed Burglary of a Dwelling, Count I, and Aggravated Battery with a Deadly Weapon, Count II, are not the same. *See* § 810.02(2)(b), Fla. Stat. (1999); § 784.045(1)(a)(2), Fla. Stat. (1999). Specifically, Armed Burglary of a Dwelling, where a defendant enters or remains in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain and in the course of committing the offense, the defendant is or becomes armed with a weapon or other explosive device. *Id.* Aggravated Battery with a Deadly Weapon occurs when a person, using a deadly weapon, actually and intentionally touches or, while using a deadly weapon, strikes another person against the will of the other or intentionally causes bodily harm to another person. *Id.* Therefore, the defendant's convictions for burglary with a deadly weapon and aggravated battery did not violate [the] prohibition against double jeopardy, as each offense contained an element that the other did not; burglary required proof only that the defendant intended to commit battery during [the] burglary, while aggravated battery

> required that [the] defendant actually committed battery. *Bronson v. State*, 768 So. 2d 1274 (Fla. 1st DCA 2000); *Washington v. State*, 752 So. 2d 16 (Fla. 2d DCA 2000). Accordingly, this claim is denied.

(Respondent's Exhibit 25, pp. 1-2)

The Double Jeopardy Clause of the Fifth Amendment "protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). "Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature . . . intended that each violation be a separate offense." *Garrett v. United States*, 471 U.S. 773, 778 (1985). The Double Jeopardy Clause permits cumulative punishments for a single incidence of criminal behavior when the legislature clearly intends cumulative punishments. *Williams v. Singletary*, 78 F.3d 1510, 1512 (11th Cir. 1996). Absent a clear indication of contrary legislative intent, the "same-elements" test announced in *Blockburger v. United States*, 284 U.S. 299 (1932), determines whether separate statutory provisions authorize cumulative punishment for a single criminal incident. *Williams*, 78 F.3d at 1512.

> Florida law provides: Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

Fla. Stat. § 775.021(1), (4)(a).  Florida has adopted the *Blockburger* test.  Fla. Stat.

775.021(4)(b).[21]

The "same-elements" test examines whether each offense contains an element

not contained in the other offense.  "[I]f each statutory offense requires proof of an

element not contained in the other, the offenses are not the 'same' and double jeopardy

is no bar to cumulative punishment."  *Williams*, 78 F.3d at 1513.  Otherwise, "where the

two offenses for which the defendant is punished or tried cannot survive the

'same-elements' test, the double jeopardy bar applies."  *United States v. Dixon, 509* U.S.

688, 696 (1993).  Although federal law governs the evaluation of a federal double

jeopardy claim, state law governs the interpretation of a state criminal statute.  *Tarpley v.*

*Dugger*, 841 F.2d 359, 364 (11th Cir. 1988).

---

[21] Section 775.021(4)(b) provides:

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

1.  Offenses which require identical elements of proof.

2.  Offenses which are degrees of the same offense as provided by statute.

3.  Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

Fla. Stat. § 775.021(4)(b).

The information charged Rockett with armed burglary, involuntary sexual battery, and aggravated battery with a deadly weapon in three separate counts under three discrete state statutes.  (Respondent's Exhibit 28, Vol. I, pp. 14-17)  Fla. Stat. §§ 810.02(2)(b), 794.011(4)(b), and 784.045(1)(a)(2).  Each offense requires proof of a different element.[22]  Consequently, Rockett's double jeopardy claims fail because the

———————————————

[22] The trial judge instructed the jury:

> Before you can find the defendant guilty of burglary, the state must prove the following three elements beyond a reasonable doubt:
>
> 1.   Timothy Rockett entered or remained in a structure owned by or in the possession of [the victim].
>
> 2.   Timothy Rockett did not have the permission or consent of [the victim] to enter or remain in the structure at the time.
>
> 3.   At the time of entering the structure, Timothy Rockett had a fully-formed, conscious intent to commit an offense in that structure.
>
> . . . .
>
> Before you can find the defendant guilty of involuntary sexual battery upon a person 12 years of age or older, the State must prove the following four elements beyond a reasonable doubt:
>
> 1.    [The victim] was 12 years of age or older.
>
> 2.   Timothy Rockett committed an act upon [the victim] in which the sexual organ of Timothy Rockett penetrated or had union with the mouth of [the victim].

(continued...)

charges are not the "same offense" under the *Blockburger* test. *Williams*, 78 F.3d at 1513.

Consequently, Rockett likewise fails to show that his separate sentences for the crimes

of armed burglary and aggravated battery with a deadly weapon violate the prohibition

against double jeopardy.

Rockett fails to meet his burden of proving that the state court either

unreasonably applied controlling Supreme Court precedent or unreasonably determined

---

[22](...continued)

  3. Timothy Rockett coerced [the victim] to submit
by threatening to use force or violence likely to
cause serious personal injury and [the victim]
reasonably believed the defendant had the
present ability to execute the threat.

  4. The act was committed without the consent of
[the victim].

. . . .

Before you can find the defendant guilty of aggravated battery with a
deadly weapon, the State must prove the following two elements beyond
a reasonable doubt:

. . . .

  1. Timothy Rockett intentionally touched or struck
[the victim] against her will.

  2. Timothy Rockett, in committing the battery, used
a deadly weapon.

(Respondent's Exhibit 28, Vol. III, pp. 373-77)

the facts in rejecting both claim 6 of ground eighteen and ground twenty.[23]

28 U.S.C. § 2254(d)(1), (2).

**Ground Nineteen**

Rockett contends that his trial counsel rendered ineffective assistance by not

moving to suppress (1) weapons seized from the crime scene,[24] (2) a piece of paper

found inside Rockett's wallet,[25] and (3) Dowling's testimony about the telephone call

she received from the victim during the crimes.  The state post-conviction court

summarily rejected this ground:

> The Defendant alleges counsel should have filed a pretrial motion
> to suppress three pieces of evidence introduced during trial. First,
> the Defendant contends that the weapons seized from the crime
> scene should have been suppressed, a note of paper with the
> number of a domestic violence center and testimony of Ms. Von

---

[23]  At the conclusion of ground eighteen, Rockett "alludes to the failure of the court and his attorney to ensure that the hearsay statement of the alleged victim was inadmissible." (Doc. 1, p. 29) Rockett cites neither a specific statement by the victim nor a particular excerpt of the transcript to support his claim. He likewise fails to assert a federal constitutional violation or a basis for federal habeas relief. A vague and conclusory claim failing to state facts which would show an entitlement to relief is subject to dismissal without further effort from the court. *Blackledge v. Allison*, 431 U.S. 63 (1977). *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991) (recognizing that vague, conclusory, speculative, or unsupported allegations cannot support a claim of ineffective assistance of counsel).

[24]  The prosecutor introduced into evidence at trial three knives recovered from the victim's apartment. (Respondent's Exhibit 28, Vol. II, pp. 158-59)

[25]  The police collected Rockett's wallet from a dresser inside the victim's apartment. The prosecutor introduced the wallet into evidence at trial. Inside the wallet was a piece of paper bearing the words "officer standby" and the telephone number for the sheriff's office communications dispatcher. (Respondent's Exhibit 28, Vol. III, pp. 271-74) Deputy Pinkney told the trial judge outside the jury's presence that the telephone number is generally used by citizens in domestic situations to contact a police officer who will "stand by" and assist an individual in retrieving belongings from a home from which that individual was removed. (Respondent's Exhibit 28, Vol. III, pp. 274-75) Deputy Pinkney testified in front of the jury only that the telephone number is for the sheriff's office communication center and that he knew of no individual named "Officer Standby" at either the sheriff's office or the Sarasota Police Department. (Respondent's Exhibit 28, Vol. III, p. 281)

Dowling regarding a telephone call from the victim on her cell phone to Ms. Dowling should have also been suppressed.

The Defendant's motion is denied. First, the note paper and the weapon seized from the apartment were not taken from the Defendant and the Defendant did not have a cognizable right of privacy in the victim's apartment. Further, the note paper was in the Defendant's wallet and he abandoned it at the crime scene. Defense counsel actually objected to the note paper at the time it was introduced. Finally, the telephone call testimony was admissible without evidence of the answering machine because Ms. Von Dowling indicated that she eventually picked up the line and spoke directly to the victim. Further, the Defendant does not allege in his motion how these items of evidence were illegally seized such that he would have been entitled to suppression of the evidence.

(Respondent's Exhibit 13, pp. 15-16) (court's record citations omitted)

    To obtain relief on an ineffective assistance of counsel claim for failing to file a

motion to suppress, Rockett must prove that (1) counsel's representation fell below an

objective standard of reasonableness, (2) he has a meritorious Fourth Amendment

claim, and (3) a reasonable probability of a different verdict exists absent the excludable

evidence. *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006) (citing

*Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).  As in his Rule 3.850 motion,

Rockett does not assert that the police illegally seized either the knives or the piece of

paper found in his wallet.  He likewise fails to state a legal basis on which counsel could

have objected to the admission of Dowling's testimony about the telephone call she

received from the victim.  Because Rockett fails to establish a meritorious Fourth

Amendment claim, he cannot sustain his ground of ineffective assistance of counsel for

not filing a motion to suppress this evidence.[26] *Zakrzewski*, 455 F.3d at 1260. Rockett

fails to establish either that the state court unreasonably applied *Strickland* or

unreasonably determined the facts in rejecting this ground.  28 U.S.C. § 2254(d)(1), (2).

　　　Accordingly, Rockett's petition for the writ of habeas corpus (Doc. 1) is

**DENIED**.  The clerk shall enter a judgment against Rockett and close this action.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

　　　Rockett is not entitled to a certificate of appealability  ("COA").  A prisoner

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a

COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a

substantial showing of the denial of a constitutional right."  To merit a COA, Rockett

must show that reasonable jurists would find debatable both (1) the merits of the

underlying claims and (2) the procedural issues he seeks to raise.  28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926,

935 (11th Cir. 2001).  Because he fails to show that reasonable jurists would debate

either the merits of the claims or the procedural issues, Rockett is not entitled to a

certificate of appealability and he is not entitled to appeal *in forma pauperis*.

---

[26]  Even assuming that trial counsel performed deficiently by not moving to suppress the
evidence, Rockett fails to demonstrate that, absent trial counsel's alleged error and despite the other
evidence adduced at trial, including the victim's testimony, the jury would have acquitted him.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Rockett must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 1, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE